IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| GEORGE M. ADAMS, #181283, ) | Civil Action No. 3:10-2049-DCN-JRM |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS, ET AL., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action was commenced by Plaintiff in the Court of Common Pleas for Richland County, South Carolina on April 16, 2010. Defendant is the South Carolina Department of Corrections ("SCDC").[1] On August 6, 2010, Defendant removed this action to this Court.[2] He is currently an inmate at the Lee Correctional Institution of the SCDC. Plaintiff filed a motion for default judgment and a motion for summary judgment on September 8, 2010. Defendant filed a motion for summary judgment on November 3, 2010. Plaintiff, because he is proceeding pro se, was advised on November 4, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on November 12, 2010.

---

[1]Although Plaintiff named SCDC et al. as Defendant(s), he has not identified or asserted that he has served any defendant other than SCDC.

[2]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

## **MOTION FOR DEFAULT JUDGMENT**

Plaintiff asserts that he is entitled to default judgment because he served Defendant on April 20, 2010, and Defendant filed an inadequate answer on August 6, 2010 which does not defend against his contempt claim. Defendant contends that Plaintiff's motion should be denied because it timely filed an answer in which it denies Plaintiff's claims and asserts seventeen defenses. Defendant provides that on July 8, 2010 it received (via inter-agency mail) a copy of a letter addressed to the Attorney General's Office dated July 2, 2010, with a copy of the summons and complaint.

It is recommended that Plaintiff's motion for default be denied. Plaintiff fails to show that he is entitled to entry of default under Rule 55[3] as he has not shown that Defendant failed to plead or otherwise defend. Defendant filed its notice of removal within thirty days after it states that it received service of a copy of the complaint. See 28 U.S.C. § 1446 (Procedure for Removal). Thus, the answer, which was also filed on August 6, 2010, was timely. See Fed. R. Civ. P. 81(c). Although Plaintiff asserts that he served Defendant by certified mail on April 20, 2010, he has presented no proof of this.

Even if Plaintiff could show that Defendant is in default, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits. Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974) and Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969). Plaintiff fails to show any prejudice from the alleged default. The court may also consider whether or not the moving party acted promptly, Consolidated Masonry & Fireproofing, Inc.

---

[3]This Rule provides, in part:
> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

v. Wagman Constr. Co., 383 F.2d 249 (4th Cir. 1967) and whether or not the moving party has been disadvantaged by the error or neglect of his attorney. United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). Here, Defendant appears to have acted promptly after it learned of the claims against it.

## MOTIONS FOR SUMMARY JUDGMENT

Plaintiff alleges that Defendant should be subject to civil contempt for failing to follow the order of a judge in a prior state court action (South Carolina Civil Action Number 01-CP-40-826). In that order, the Honorable Casey L. Manning, Presiding Judge of the Fifth Judicial Circuit, remanded Plaintiff's claims (which concerned certain SCDC disciplinary charges from 1998 and 1999 as well as the alleged confiscation of his reading lamp) to SCDC for further investigation. See Complaint, Attachment (August 13, 2002 Order). In an order filed April 7, 2003, the Honorable Marvin F. Kittrell, Chief Administrative Judge of the Administrative Law Judge Division, dismissed Plaintiff's administrative appeal and Plaintiff did not file a further appeal. See Mary Coleman Aff. (Attachment to Defendant's Motion for Summary Judgment) and attachments. Plaintiff also appears to allege constitutional claims pursuant to 42 U.S.C. § 1983 ("§ 1983") for cruel and unusual punishment, illegal confiscation of property, and denial of access to the courts. Plaintiff argues that he is entitled to summary judgment because SCDC is in default, SCDC has violated the United States and South Carolina Constitutions, SCDC's answer is frivolous, and SCDC has not offered any proof to refute his allegations. Defendant argues that Plaintiff's motion for summary judgment should be denied because Plaintiff has not cited any authority showing why he is entitled to summary judgment, it timely answered and removed this action such that it is not in default, and it has asserted a general denial and additional defenses in its answer.

Defendant contends that its motion for summary judgment should be granted because: (1) Plaintiff's claims are barred by the applicable statute of limitations; (2) SCDC is not a person as defined by 42 U.S.C. § 1983; (3) SCDC did not violate the United States Constitution; (4) Plaintiff has not exhausted his administrative remedies; (5) Plaintiff is not entitled to monetary damages because he has not shown an actual injury; and (6) this action should be dismissed pursuant to 28 U.S.C. §§ 1915(a) and 1915(e) and should count as a strike.

1.   Standard for Summary Judgment

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party carries this burden, "the burden then shifts to the non-moving party to

4

come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

       2.      Statute of Limitations

Defendant argues that any claims concerning Plaintiff's foot injury, the confiscation of his reading lamp, and any claims for denial of access to the court which occurred prior to 2007 are barred by the applicable statute of limitations. State law concerning limitation of actions applies in claims brought under § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); and Owens v. Okure, 488 U.S. 235 (1989). In South Carolina, the statute of limitations is generally three years for claims arising after April 5, 1988. See S.C. Code Ann. § 15-3-530. A cause of action which is subject to the South Carolina Tort Claims Act must be filed within two years after the date the loss was or should have been discovered, where a claim was not filed within one year of the alleged incident. S.C. Code Ann. § 15-78-110.

Plaintiff's claims concerning his foot injury, the confiscation of his reading lamp, and any claims for denial of access to the courts which occurred prior to April 16, 2007 (three years prior to the filing of this action) are barred by the applicable statute of limitations.

       3.      Exhaustion of Administrative Remedies

Defendant argues that this action should be dismissed because Plaintiff has not exhausted his available administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") applies to all inmate

suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The Fourth Circuit, in Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. "That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." Id. at 683.

Review of the materials submitted by Defendant indicates that Plaintiff failed to exhaust his administrative remedies as to his claims for an injury to his foot. Although Plaintiff did not exhaust all of his remedies as to his claims for denial of access to the courts, there are a number which he appears to have exhausted as he pursued them through Step 2 of the SCDC grievance process. Defendant argues that these claims were not exhausted because they were not fully appealed through the South Carolina court system. The fact that the South Carolina Legislature made a court available to prisoners who wanted to appeal a final decision by a jail facility denying a grievance, however, does not alter the federal PLRA by extending its administrative exhaustion requirements to include exhaustion in all state judicial forums. In § 1983 matters, Congress only intended that "administrative remedies" be satisfied. See e.g., Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)(exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court), cert. denied, 437 U.S. 949 (2002); Brown v. Evans Corr. Inst. Med. Staff, 2007 WL 1290359, at *4 (D.S.C. April 30, 2007).

6

    4.     Property Claims

Plaintiff appears to allege that SCDC failed to follow prison policies and procedures in allegedly confiscating his reading lamp. As discussed above, this claim is barred by the applicable statute of limitations. Further, allegations that a defendant did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

Additionally, in the case of an unauthorized intentional property deprivation, no due process claim arises unless or until the state fails or refuses to provide a suitable post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Fourth Circuit has held that a district court should deny relief under section 1983 if state law provides a viable remedy for personal property loss, even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of the state. Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir.1986). It has been held that claims related to personal property are cognizable under South Carolina state law. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir.1986). Here, even if Plaintiff has alleged an unauthorized intentional property deprivation, he fails to show a constitutional violation because he has a meaningful post-deprivation for his alleged loss under South Carolina law.

    5.    <u>Medical Claims</u>

Plaintiff alleges that Defendant has failed to provide "medical costs from negligence on cruel unusual punishment which caused a foot injury..." Complaint at 2. Defendant argues that it is entitled to summary judgment on this claim because Plaintiff has not presented any evidence of deliberate indifference by SCDC to a serious medical need. Specifically, SCDC argues that, other than a statement that he had a foot injury, Plaintiff has not asserted any claims regarding injuries he had or medical treatment he did or did not receive.

In the case of <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," <u>Id.</u>, quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 169-73 (1976). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," <u>Gregg v. Georgia</u>, <u>supra</u>, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

<u>Estelle</u>, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

> mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

9

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendant was deliberately indifferent to any of his serious medical needs. He has merely asserted that he had a foot injury, without showing that this was a serious medical need or that Defendant was deliberately indifferent by not providing medical care for a serious medical need. At most, Plaintiff appears to allege a claim for negligence which (as discussed above) is not actionable under § 1983.

6.     Access to the Courts

Plaintiff alleges that Defendant continues to confiscate his legal property and deny him access to the courts. Defendant argues that many of these claims are barred by the applicable statute of limitations, Plaintiff failed to exhaust his administrative remedies, and Plaintiff fails to show that he was denied access to the courts.

As discussed above, any claims concerning access to the courts that arose prior to April 2007 are barred by the applicable statute of limitations. Further, he fails to show that his right of access to the courts has been violated.

In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. The decision merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343 (1996). In order to make out a prima facie

case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989); Strickler v. Waters, 989 F.2d 1375, 1382-85 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993). A plaintiff must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. Lewis, 518 U.S. at 353-54. Here, Plaintiff only makes conclusory allegations and fails to show that his access to the courts was violated because he has not shown any actual injury such as the late filing of a court document or the dismissal of an otherwise meritorious claim resulting from Defendant's alleged actions. See Bounds v. Smith and Lewis v. Casey, supra.

7.     Disciplinary Hearings

It is unclear whether Plaintiff is attempting to assert claims concerning his disciplinary hearings which appear to have been at issue in the prior state court action. Any claims concerning these disciplinary proceedings are barred by Heck v. Humphrey, 512 U.S. 477 (1994)[4] and Edwards v. Balisok, 520 U.S. 641 (1997)(Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); see also Kerr v. Orellana, 969 F. Supp. 357 (E.D.Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck). Even if Plaintiff's due process claims

---

[4]The Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994) determined that where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based.

11

are not barred, he fails to show that his due process rights were violated because he did not suffer a loss of good-time credits, only the assignment of extra duty. See Coleman Aff. The due process procedures required by Wolff v. McDonnell, 418 U.S. 539 (1974) and its progeny are not required unless the challenged discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995)(rejecting inmate's claim that either the Constitution or Hawaii statutes required due process for placement in disciplinary segregation).

8.     "Person"

SCDC argues that it is entitled to summary judgment as to Plaintiff's § 1983 claim against it because it is not a "person" under § 1983. State agencies are also not "persons" for purposes of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Further, under the stripping doctrine of Ex Parte Young, 209 U.S. 123 (1908), a claim for injunctive relief must be asserted against a state official sued in his official capacity. Plaintiff has not done so here.

9.     State Law Claims

Plaintiff also appears to assert a claim under South Carolina law for civil contempt. Defendant appears to argue that such a claim is moot because Judge Kittrell dismissed Plaintiff's appeal and Plaintiff did not appeal that decision. Plaintiff also may be attempting to assert a negligence claim and/or other claims under South Carolina law. Any such claims are based on state law and premised on supplemental jurisdiction. As Plaintiff fails to show that Defendant violated his rights under § 1983 (as discussed above), only his state law claims would remain. It is recommended that discretion be exercised pursuant to 28 U.S.C. § 1367(c)(3) and that any remaining

state law claims be remanded to the State court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); and Hinson v. Norwest Fin. SC, Inc., 239 F.3d 611 (4th Cir. 2001).[5]

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion for default judgment (Doc. 11) be **denied**, and Plaintiff's motion for summary judgment (Doc. 12) also be **denied**. It is further recommended that Defendant's motion for summary judgment (Doc. 24) be **granted**, and any remaining state law claims be **remanded** to the State court.

Joseph R. McCrorey
United States Magistrate Judge

May 20, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

---

[5]It may be that the more appropriate procedure would be for Plaintiff to file a civil contempt motion in his earlier case (South Carolina Civil Action No. 01-CP-40-826). See Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 445 (1911) ("Proceedings for civil contempt are between the original parties and are instituted and tried as part of the main cause"); Roe v. Operation Rescue, 919 F.2d 857, 869 (3rd Cir.1999) ("civil contempt proceedings are part of the underlying action ..."); In re Timmons, 607 F.2d 120, 128 (5th Cir.1979)(A civil contempt proceeding is a facet of the original cause of action); In re Stewart, 571 F.2d 958, 963 (5th Cir.1978)(civil contempt is a facet of a principal suit).

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).